# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALBERTO TORRES VILLASON,     )
     )
    Petitioner,     )
     )
v.     )    Case No. CIV-26-371-D
     )
DIRECTOR OF DIAMONDBACK     )
CORRECTIONAL CENTER, et al.,     )
     )
    Respondents.

## ORDER

Petitioner Alberto Torres Villason filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cuba who entered the United States in or around September 2021. On September 14, 2022, Petitioner was placed into removal proceedings, and on October 5, 2022, Petitioner applied for asylum. Petitioner has resided in the United States since September 2021.

Petitioner was re-detained on December 9, 2025, and he has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since that time. He is currently housed at the Diamondback Correctional Facility in Watonga, Oklahoma.

On March 6, 2026, an immigration judge ordered that Petitioner be removed to Ecuador. [Doc. No. 6-2]. However, it appears from the Department of Justice Executive Office for Immigration Review's website that Petitioner timely appealed the immigration judge's decision.[1] Because Petitioner's appeal remains pending at the Board of Immigration Appeals (BIA), the order of removal is not yet final. *See He v. Bondi*, No.

---

[1] https://acis.eoir.justice.gov/en/caseInformation (last accessed Apr. 7, 2026).

CIV-25-1435-G, Doc. No. 14, at *3 (W.D. Okla. Jan. 29, 2026) (Report and Recommendation) ("Petitioner's order of removal is not yet final, as his appeal is pending at the Board of Immigration Appeals.").

Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) does not apply to him because he was living in the United States at the time of his re-detention, and he was not an arriving alien "seeking admission" within the meaning of § 1225(b)(2)(A). [Doc. No. 1, at 6]. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner contends he is being held in violation of the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*. (INA). Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 6]. The matter is fully briefed and at issue.

As to Respondents' jurisdictional arguments, the undersigned has previously found that 8 U.S.C. § 1252(g) does not jurisdictionally bar the Court's consideration of Petitioner's Petition. *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("[B]ecause Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition."); *see also Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026) (same).

Further, the Court rejects Respondents' argument that this Court lacks jurisdiction because 8 U.S.C. § 1252(a)(5) and § 1252(b)(9) channel claims related to removal orders to the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]"); *see also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."). Here, because Petitioner is challenging his order of detention, and not an order of removal, these provisions do not deprive the Court of jurisdiction. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("[Section] 1252(b)(9) does not present a jurisdictional bar" where a group of noncitizens "[were] not asking for review of an order of removal; they [were] not challenging the decision to detain them in the first place or to seek removal; and they [were] not even challenging any part of the process by which their removability will be determined."); *see also Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Alghananim v. Figueroa*, No. CIV-26-69-HE, Doc. No. 9, at 2 n.1 (W.D. Okla. Mar. 2, 2026).

Next, Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison,

3

§ 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[2] *See Colin*, 2025 WL 3645176, at *4. Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez*, 2026 WL 18932, at *1; *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

---

[2] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, No. 25-3248, --- F.4th ---, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

4

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[3] *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein. Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 8th day of April, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Given this determination, the Court declines to address Petitioner's remaining claims at this time.